IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELENA HUNTER, on behalf of herself and all others similarly situated, et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:12-CV-2437-D |
| VS. | § § | |
| BRANCH BANKING AND TRUST COMPANY d/b/a BB&T, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Branch Banking and Trust Company ("BB&T") moves for leave to conduct limited discovery regarding whether plaintiffs have standing (and therefore whether the court has subject matter jurisdiction). The court denies the motion for the reasons that follow.

I

Plaintiffs Elena Hunter ("Hunter") and Blind Ambitions Groups ("Blind Ambitions") bring suit on behalf of themselves, the members of Blind Ambitions, and all others similarly situated against BB&T, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. They assert that BB&T's automated teller machines ("ATMs") do not meet the express requirements of the ADA regarding accessibility for blind persons. BB&T moves to dismiss this action on the ground that plaintiffs lack standing. BB&T posits that Hunter has alleged only one visit to BB&T's ATMs and has not established that she is likely to return, and that Blind Ambitions has neither specified a

member who has standing nor established organizational standing. BB&T moves the court to allow limited discovery to determine the facts underlying plaintiffs' allegations supporting standing.*

II

A

It is well settled that, in the context presented here, "the issue of standing is one of subject matter jurisdiction." *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). "Since there is 'no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.'" *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) (quoting *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)). "When subject matter jurisdiction is challenged, a court has authority to resolve factual disputes, and may devise a method to . . . mak[e] a determination as to jurisdiction, 'which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting an evidentiary hearing.'" *Turner Bros. Crane & Rigging, L.L.C. v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *2 (M.D. La. Sept. 24, 2007) (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). "The Court possesses a substantial amount of discretion when addressing requests for jurisdictional discovery."

---

*BB&T's motion is not specific concerning the discovery it seeks. It requests that "discovery consist of written interrogatories, written requests for production, and the depositions of (1) Hunter; (2) an appropriate representative from [Blind Ambitions]; and (3) an appropriate representative of BB&T," D. Mot. 5, but it does not specify the information that it expects to obtain from this discovery.

*Bryant v. Holder*, 809 F.Supp.2d 563, 571 (S.D. Miss. 2011) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276-77 (5th Cir. 2006)).

District courts have permitted jurisdictional discovery to determine whether the court has subject matter jurisdiction. For example, in *Garbin v. Gulf South Pipeline Co.*, 2001 WL 1386067 (E.D. La. Nov. 7, 2001), the court allowed jurisdictional discovery to determine the identity of the defendants when, in contesting removal, the plaintiff asserted that the defendant companies included members whose citizenship destroyed complete diversity but that it did not know their true identities. *Id.* at *1. The court also permitted discovery regarding the amount in controversy because the face of the plaintiff's petition failed to demonstrate that the claims were likely to exceed $75,000, but the defendants asserted that they could satisfy the requirement with evidence if discovery were allowed. *Id.* at *2. In *Turner Brothers*, after the defendants removed the case, the court allowed discovery to determine whether the citizenship of one of the plaintiff company's members, through a series of intermediaries, destroyed complete diversity. *Turner Bros.*, 2007 WL 2848154, at *1-2.

B

In the present case, the court in its discretion concludes that BB&T has not shown that discovery is warranted. Unlike in the cases cited above, BB&T has not established that it can develop facts through discovery that would contradict or cast doubt on plaintiffs' allegations supporting standing. Indeed, in its motion to dismiss BB&T argues that plaintiffs have not *pleaded* sufficient facts to establish standing. BB&T has therefore failed to demonstrate that

the question of subject matter jurisdiction turns on a disputed fact. *Cf. In re MPF Holdings US LLC*, ___ F.3d ___, 2012 WL 5503952, at *7 (5th Cir. Nov. 14, 2012) ("[W]e note that . . . some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact.") (citing *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319-320 (5th Cir. 2012)). BB&T challenges whether plaintiffs have alleged sufficient facts to establish standing. At this stage, this is a *facial* rather than *factual* challenge. Accordingly, the court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (discussing differences between facial and factual challenges to subject matter jurisdiction). BB&T has not shown that it needs jurisdictional discovery to make this present facial challenge to plaintiffs' standing.

*   *   *

For the reasons explained, BB&T's September 19, 2012 motion for leave to conduct limited discovery on jurisdictional issue is denied.

**SO ORDERED.**

November 19, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE